IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREG ANDERSON,<br><br>      Plaintiff,<br>v.<br><br>JIM RICHARDS, in his individual capacity and in his official capacity and JOHN OR JANE DOE(S) 1 THROUGH 10<br><br>      Defendant. | REPORT & RECOMENDATION<br><br>Case No. 2:21-cv-00726<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

  This matter is before the court on Pro Se Plaintiff Greg Anderson's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 8.). As set forth herein, the undersigned recommends that the motion be denied and that Mr. Anderson file an amended complaint.

## **BACKGROUND**

  Plaintiff who is proceeding pro se, is a landowner and farmer. The property at issue falls under Tooele County zoning and has been zoned as agricultural land.[1] Mr. Anderson is in the process of building a structure on his property which he claims can be used either as a tiny home, a manufactured home, or agricultural shed.[2] This structure is currently 16 Feet wide and 52 feet long and is not "attached to the ground, but instead sits on treated lumber."[3] Mr. Anderson

---

[1] Complaint ¶ 1 at 3.

[2] Complaint ¶ 2 at 3.

[3] Complaint ¶¶ 3-4 at 3.

asserts that Defendant Jim Richards, a Tooele County building inspector, violated several of Mr. Anderson's rights by placing a 'Stop Work Order' on Mr. Anderson's structure.[4]

Mr. Anderson argues that the structure he is constructing is not regulated under the International Residential Code (IRC) code because it can be made into either a tiny home not prohibited by regulations, a manufactured home regulated by HUD, or an agricultural shed exempt under Utah Building Code.[5] Mr. Anderson further alleges that on August 12, 2020, Mr. Richards came to the property saying that he was placing a 'Stop Work Order' on the structure. Then on August 14, 2020, Plaintiff received a formal 'Stop Work Order' by mail.[6] Mr. Anderson claims that Mr. Richards knew of large developments planned near Anderson's property and intentionally attempted to stop Mr. Anderson from developing in hopes that Mr. Anderson would sell his property for a bargain price which could then be bought by a colluding third party.[7]

On February 09, 2022, Mr. Anderson filed a complaint with the following causes of action (1) gross negligence by Mr. Richards, (2) Conversion, (3) Unlawful seizure of property under the Fourth Amendment, (4) Denial of Due Process under the Fourteenth Amendment, (5) Unlawful Taking of property under the Fifth Amendment, (6) Mr. Richards denied Anderson his Constitutional right to build a manufactured house or tiny house as mandated by congress, (7) punitive damages, (8) injunctive relief. The last two are removed from this analysis because they are forms of relief. Defendant's Answer to the Complaint denied the majority of Plaintiff's allegations except that "he is the county building inspector, visited the property, and that the

---

[4] Complaint ¶ 19 at 5.
[5] Complaint ¶ 3 at 3, ¶ 9 at 4, ¶¶ 14-15.
[6] Complaint ¶ 19 at 5.
[7] Complaint ¶ 13 at 6.

documents or Code Sections Plaintiff cites in these paragraphs speak for themselves.[8] Plaintiff seeks monetary relief for each month which he cannot use his structure, expectation damages for lost time that Anderson is not able to work on the structure, compensatory damages, emotional distress damages, punitive damages, interest, court costs, attorney fees, any other fees the court feels just, and injunctive relief to remove the 'Stop Work Order.'[9]

Plaintiff asserts the only issue before the court is, "did county inspector Jim Richards put an unlawful 'stop work order' on Anderson's person property structure. If so, Anderson is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[10]

## STANDARD OF REIVEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[11] The Plaintiff's Complaint must "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."[12] All facts pleaded by the non-moving party are accepted as true as well as all reasonable inferences in favor of the same.[13] The factual details supporting a claim must be great enough to make the claim plausible, rather than merely possible; i.e., "enough to raise a right to relief above the speculative level"[14] It must be reasonable for a court to draw the inference that the

---

[8] Answer ¶¶ 42-47 at 2.

[9] Complaint at 19-20.

[10] Mtn. p. 2, (ECF No. 8.)

[11] *See, e.g.*, *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013); Fed. R. Civ. P. 12(c); Fed. R. Civ. P.12(b)(6).
[12] *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).
[13] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (citing *Park Univ. Enterprises, Inc. v. Am. Cas.Co. Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (*abrogated on other grounds*).
[14] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).

Defendant is liable, based on the facts stated.[15] Recitations of elements of a claim and conclusory statements lack sufficient detail, and cannot trigger a court's assumption that all of the statements made in the pleading are true.[16] "[A court's] function on a Rule [12(c)] motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[17] Because Plaintiff is proceeding *pro se*, the court construes the Complaint liberally.[18]

"A motion for judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[19] As to documents, a district considers "attached exhibits," as well as "documents incorporated into the complaint by reference."[20]

## DISCUSSION

### I. Plaintiff is not entitled to judgment based on the pleadings

Plaintiff argues that because Defendant denied the majority of Plaintiff's allegations except for admitting that Defendant was on Anderson's property that the law Anderson quotes

---

[15] *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[16] *Id*. at 663.
[17] *Gilchrist v. Citty*, 71 F. App'x 1, 2–3 (10th Cir. 2003) (unpublished) (internal quotation marks and citations omitted).
[18] *See id.*; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that when a party proceeds pro se, the district court construes his or her pleadings liberally, and holds them to a "less stringent standard than [that standard applied to] formal pleadings drafted by lawyers."); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (noting the less stringent standards applied to a pro se complaint); s*ee also,* Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[19] *Burke*, 698 F.3d at 1228 (internal quotation marks and citation omitted).
[20] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

speaks for itself. Thus, Plaintiff is entitled to judgment on the pleadings.[21] Plaintiff's argument states that the only material fact, in this case, is whether "County Inspector Jim Richards Put an Unlawful 'Stop Work Order' on Anderson's Personal Property Structure." As argued by Defendant, this is an incorrect application of a Rule 12(c) motion for judgment on the pleadings. In this case, if the court "accept[s] all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleading in favor of the same," Plaintiff cannot show that he is entitled to judgment as a matter of law on any of his causes of action.[22] To hold otherwise would require the court to make unsupported assumptions concerning the elements of Plaintiff's claims. In short, on the current record the facts do no support Plaintiff's motion.

Moreover as noted by the Tenth Circuit, when reviewing a motion for judgment on the pleadings under Rule 12(c), the court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theor[ies] proposed."[23] Plaintiff has failed to properly allege the necessary elements for relief under the legal theories in the Complaint. Based on the parties' pleadings the court turns to an analysis of Plaintiff's claims under the Rule 12(c) standard.

## II.     ANALYSIS OF INDIVIDUAL CLAIMS

### A. Gross Negligence

Plaintiff claims that Richards was grossly negligent and, in his professional capacity, should have known the building codes that apply in Tooele County but did not take reasonable

---

[21] *See* Complaint ¶ 19 at 5; Answer ¶¶ 19 at 2, 24-40 at 2, 42-47 at 2, 49-53 at 3, 55-59 at 3, 61-67 at 3, 69-76 at 3, 78-84 at 4, 86-87 at 4.

[22] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[23] *Forest Guardians*, 478 F.3d at 1160 (noting the Rule 12(b)(6) standard that is also applicable to Rule 12(c) motions).

care to apply the correct codes. In Utah, "[g]ross negligence is the failure to observe even slight care; it is carelessness or recklessness to a degree that shows utter indifference to the consequences that may result."[24]

Plaintiff does not state the applicable law or apply the facts in his Complaint to that law; instead, he asserts that *res ipsa loquitur* applies. Plaintiff states that Utah Code annotated 15A-2-104(1)(d) says that Utah has no jurisdiction on manufactured housing built after 1977 and that building requirements are administered under HUD and are therefore without the jurisdiction of state municipalities. Plaintiff states HUD is in the process of rewriting regulations for manufactured housing and he has been working with a HUD engineer to certify his structure once new HUD standards are released. Plaintiff further avers that the structure could be used as a "tiny home," or an agricultural shed.

Defendant has asserted an affirmative defense related to the State law claims under Utah's Governmental Immunity Act which states that " . . . no employee may be joined or held personally liable for acts or omissions occurring (a) during the performance of the employee's duties; (b) within the scope of employment; or under the color of authority."[25]

Plaintiff misinterprets Utah Code annotated 15A-2-104(1)(d) which states that "a mobile home built before June 15, 1976 . . . shall also comply with additional installation and safety requirements specified" elsewhere. The code that Plaintiff cites tot merely adds additional requirements for older mobile homes. The Utah Code only addresses the installation and modification of manufactured homes,[26] while the U.S. Department of Housing and Urban

---

[24] *Howe v. Momentum LLC*, 2020 UT App 5, ¶ 13, 461 P.3d 1111 (quoting *Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, ¶ 35, 423 P.3d 1150 )
[25] UTAH CODE ANN. § 63G-7-203.
[26] UTAH CODE ANN. § 15A-2-104(1).

Development gives uniform federal standards for the construction and installation of manufactured homes.[27] However, implied in the definition of a manufactured home is that they are built in a factory, rather than on-site on personal property. Thus, HUD would not apply here.

In order to qualify for an agricultural exemption, the building must comply with Utah State Code Section 15A-1-204(11), which requires that the building only be used for "tilling, crops, care of livestock or raising domestic animals," [28] "not for human occupancy," is "no more than 1,500 square feet" and meets other conditions required by the statute. In order to qualify for such an exemption, Plaintiff must decide what this structure will be used for. Where he has made his claim under a manufactured house, the structure will not likely fall under the agricultural shed exception.

In order to qualify as a tiny home, the IRC requires that the structure have 400 square feet or less in floor area.[29] Plaintiff's structure consists of 832 square feet, which is greater than 400 square feet maximum to qualify as a "tiny house."[30]

The "Stop Work Order" lists violations under 2015 IRC Sections R105.1 and R109.1. Section R105.1 requires a building permit for any structure which does not meet exceptions, such as buildings under 120 square feet. Plaintiff's intended structure does not meet any of the exceptions on their face. Section R109.1 requires inspections for construction. This also appears to apply to Plaintiff's structure.

Because Plaintiff's structure does not qualify as a manufactured home, a "tiny house," or an agricultural shed, the facts do not support a showing of a lack of care in Defendant's work in regards to knowing the law.

---

[27] *Id.* at 15A-1-303.
[28] UTAH CODE ANN. 15A-1-202(1), (10).
[29] IRC AQ 102.1
[30] *See* Complaint § 2 at 3.

Additionally, Defendant correctly asserts an affirmative defense of qualified immunity under Utah's Governmental Immunity Act. This act provides that employees may not be held "personally liable for acts or omissions occurring (a) during the performance of the employee's duties, (b) within the scope of employment, or (c) under the color of authority."[31] Defendant has stated that he is a Tooele County building inspector visited the property based upon his job responsibilities. Where the facts and reasonable inferences of the non-moving party are accepted as true, it cannot be shown that Defendant acted with gross negligence. Plaintiff is further barred from bringing this state claim against Defendant under the doctrine of immunity.

Plaintiff has failed to show that the pleaded facts meet a prima facie case for gross negligence.

### B. CONVERSION

Conversion in Utah is defined as "an act of [willful] interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession."[32] This requires Plaintiff show that the facts as pled clearly establish that Defendant (1) interfered with Plaintiff's property (2) unlawfully (3) and deprived Plaintiff of use and possession of that property.[33]

Here, Plaintiff claims that the 'Stop Work Order' is an interference with his property. However, there is no clear showing that the 'Stop Work Order' was unlawful since the structure does not appear to fall under agricultural, tiny home, or HUD exceptions as Plaintiff claims. Moreover, based on the facts as alleged, there is no clear showing that Plaintiff was deprived of use and possession of the structure at issue. Because the analysis fails on the second and third

---

[31] UTAH CODE ANN. 63G-7-202(4).
[32] *Pinder v. Duchesne Cty. Sheriff,* 2020 UT 68, ¶ 41, 478 P.3d 610 (Sup.Ct.) (citing *Allred v. Hinkley*, 8 Utah 2d 73, 328 P.2d 726, 728 (Utah 1958)).
[33] *Id.*

elements of the conversion claim, judgment may not be given based on the pleadings. Finally, this claim, like the gross negligence claim, fails because Defendant appears to be protected from this claim under Utah's Governmental Immunity Act.[34]

### C. SEIZURE

Plaintiff claims that the Stop Work Order was a seizure of his property because there are building exemptions for agricultural structures.[35] "A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property" by the government.[36] While there are building code exemptions for agricultural structures, Plaintiff has also claimed in this same action, that this structure will be a modular home. For Plaintiff's structure to fall under the agricultural exemption, it must be a structure not made for human occupancy. Plaintiff appears to try and circumvent the laws based on his indecisiveness regarding the structures intended use.

Defendant correctly argues that there has not been a permanent, nor meaningful, interference with Plaintiff's possessory interest in the unfinished structure where the order is temporary, and Plaintiff is still able to build compliant structures on the property.[37] Plaintiff retained all personal property, and interference was limited in nature or duration. This makes any violation at best a *de minimis* violation. Additionally, a seizure applies to actions against the government, in contrast to this action, which is against an individual. Here the facts as plead do not meet a prima facie case for a seizure under the Fourth Amendment.

---

[34] *See* Defendant's Memorandum Opposing Plaintiff's Motion for Judgment on the Pleadings p.6; Answer to Complaint at 5.
[35] *See* UTAH CODE ANN. 15A-1-204-11(a)
[36] *Mayfield v. Bethards*, 826 F.3d 1252, 1256 (10th Cir. 2016) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L.Ed. 2d 85 (1984)).
[37] Motion to dismiss 6-7

**D. TAKING**

Plaintiff claims that the placing of a 'Stop Work Order' on his structure constitutes a taking. The Fourteenth Amendment states that "private property" is not to be "taken for public use, without just compensation." A taking under the Fourteenth Amendment occurs "[w]hen the government physically acquires private property for a public use." [38] Once again, this action is against a private individual, and the government is not taking Plaintiff's property for public use. Therefore, Plaintiff has not established a prima facie case for a governmental taking.

**E. DENIAL OF DUE PROCESS**

Plaintiff claims that he was not given due process in the seizure or taking of his property. In determining whether a particular plaintiff has been deprived of procedural due process, Tenth Circuit Courts focus on two questions: "(1) Did the Plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process."[39] The first element depends on the outcome of a seizure claim. This element fails as set forth above.

As to the second element, the appropriate level of due process means "the opportunity to be heard at a meaningful time and in a meaningful place."[40] In his complaint, Plaintiff merely states that he was not provided due process because the seizure was without a warrant and the taking unjustified. This argument focuses more on whether or not there was a seizure instead of the second appropriate level of process. As noted by Defendant, Plaintiff was afforded a time and place to be heard in appealing the 'Stop Work Order' under Title 14 of Tooele County's code.

---

[38] *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) (citing *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 321, 122 S.Ct. 1465, 152 L.Ed.2d 517 (2002).
[39] *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 810 F.3d 1161, 1172 (10th Cir. 2016).
[40] *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)).

Under this section, there is an opportunity to appeal orders "within 45 days of such determination" and an individual may "appeal such [a] decision by filing a written notice of appeal with the Office of the Tooele County Commission."[41] Following the written appeal there is a hearing where the party will have "an opportunity to be heard."[42] Plaintiff does not state in his Complaint whether he made an attempt to appeal the order or not, or how such an appeal process did not afford him his Constitutional due process rights. Thus, once again Plaintiff has failed to establish a prima facie case.

### F. DENIAL OF CONSTITUTIONAL RIGHT TO BUILD A MANUFACTURED HOUSE AND OR TINY HOUSE AS MANDATED BY CONGRESS.

For this claim, Plaintiff cites to 24 CFR § 3282.11 which says that HUD regulations preempt state law. Plaintiff claims that Defendant violated this regulation by posting a work order on Plaintiff's structure. Plaintiff additionally argues that his structure complies with HUD's description of a manufactured home which is defined as,

> "a structure, erected on site, is three hundred twenty or more square feet, and which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and includes the plumbing, heating, air-conditioning, and electrical systems contained therein; except that such term shall include any structure which meets all the requirements of this paragraph except the size requirements and with respect to which the manufacturer voluntarily files a certification required by the Secretary and complies with the standards established under this chapter, and except that such term shall not include any self-propelled recreational vehicle."[43]

Plaintiff alleges that he "has always planned to voluntarily file a certificate with HUD stating that the manufactured house/Tiny House complies with HUD standards when it is finished." Yet, "Plaintiff has not established that this regulation gives him a private right of action."[44] Indeed,

---

[41] Tooele County Code, Title 14, Chapter 2, 14-2-5.
[42] Id.
[43] 42 USC § 5402(6).
[44] Opposition to Motion at 11.

11

Plaintiff's complaint states that he has built the structure on treated lumber in contrast to the HUD requirements that manufactured homes be built on a chassis which is generally a metal beam.[45] Based on the alleged facts, it appears this structure does not fall under HUD regulations. Finally, as noted by Defendant, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."[46] Here, even if the court were to presume the federal statute was violated, this does not create a private cause of action for Plaintiff.

## RECOMMENDATION

For the reasons set forth above the undersigned recommends that Plaintiff's motion be DENIED. This case is in its relative infancy, and a closer look at Plaintiff's claims reveals that many of them fail to state a claim. The court cannot make a huge leap of inference that Defendant is somehow liable to Plaintiff based on the facts or Complaint presently before the court.

IT IS FURTHER RECOMMENDED that Plaintiff be ORDERED to amend his Complaint because he is proceeding pro se and it fails to set forth a prima facie case for the alleged causes of action.[47]

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy,

---

[45] *See* Complaint at 2.
[46] *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979)).
[47] *See Hall v. Bellmon* 935 F.2d 1106, 1109 (10th Cir. 1991) (noting that a dismissal of a pro se complaint usually occurs after giving an opportunity to amend); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. CT. 1937, 1949 (2009) (noting the pleading requirements for a complaint to survive a motion to dismiss).

any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 20 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge