MATTHEW D. CHURCH #15574
**MANNING CURTIS BRADSHAW
& BEDNAR PLLC**
215 South State Street, Suite 350
Salt Lake City, Utah 84111
(801) 363-5678
mchurch@mc2b.com
*Attorney for Defendant Jim Richards*

---

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| GREG ANDERSON,<br><br>         Plaintiff,<br><br>v.<br><br>JIM RICHARDS, in his individual capacity and in his official capacity, and JOHN OR JANE DOE(S) 1 THROUGH 10,<br><br>         Defendants. | **OBJECTION TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**<br><br>Case No. 2:21-cv-00726<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant Jim Richards respectfully submits this Objection to the Report & Recommendation entered by Chief Magistrate Judge Dustin B. Pead on December 30, 2022, which recommended denying Defendant's Motion for Summary Judgment in full.

### INTRODUCTION & RELIEF REQUESTED

This case centers on Plaintiff's construction of an 800+ square foot structure on his property without obtaining a building permit from Tooele County. Richards, a building inspector for the County, served Plaintiff with a stop-work order requiring Plaintiff to cease construction on the unauthorized structure. Plaintiff never appealed issuance of the stop-work order with the County.

Instead, over a year later, Plaintiff filed his Complaint and asserted a litany of claims against Richards. *See* Complaint, ECF 1. In response, Richards filed a Motion for Summary

1

Judgment detailing the numerous reasons why Plaintiff's claims should be dismissed. *See* Motion for Summary Judgment, ECF 16. Among other things, Richards argued that (1) he was immune from Plaintiff's state-law claims by operation of the Governmental Immunity Act of Utah; (2) issuance of a stop-work order does not qualify as a "seizure" of property or a "taking"; (3) Plaintiff failed to exhaust his remedies; and (4) Plaintiff's constitutional claims are barred by the doctrine of qualified immunity.

However, Chief Magistrate Judge Dustin B. Pead recommended denying Richards' Motion in full. *See* Report & Recommendation, ("Recommendation"), ECF 23. But this Court should decline to adopt the Recommendation and instead grant Richards' Motion for Summary Judgment. To begin, the Recommendation failed to address four of Plaintiff's six causes of action or Richards' arguments for why they should be dismissed. As for those causes of action that were addressed in the Recommendation (Plaintiff's Due Process and Fifth Amendment Takings claims), the Recommendation's own analysis demonstrates that Plaintiff failed to carry his burden in defeating summary judgment as a matter of law.

## STATEMENT OF FACTS

### *Background Facts*

1.     Plaintiff owns a 70-acre plot of land in Rush Valley, Utah. *See* Recommendation, ECF 23, p. 1-2.

2.     Plaintiff is in the process of building a structure on his property that is 16 feet wide and 52 feet long and is not attached to the ground but sits on treated lumber. *Id.* p. 2.

3.     Plaintiff claims that the structure may be used as a shed, a tiny house, or a manufactured home. *Id.*

4.      Plaintiff's property and the structure are located in Tooele County and are subject to the County's zoning laws. *Id*.

5.      In August 2020, Richards visited Plaintiff on the property and informed Plaintiff that Tooele County was going to issue a stop-work order on the structure. *Id*.

6.      On August 14, 2020, Richards served on Plaintiff the stop-work order requiring that Plaintiff cease construction on the structure by August 28, 2020. *Id.*; *see also* Notice of Violation, attached as Exhibit 1.

7.      Plaintiff did not appeal the stop-work order with Tooele County or any other administrative body. *See* Recommendation, ECF 23, p. 2.

### Procedural History

8.      On December 13, 2021, more than a year after issuance of the stop-work order, Plaintiff filed his Complaint. *See* Complaint, ECF 1.

9.      In the Complaint, Plaintiff asserted a litany of claims against Richards, including (1) gross negligence, (2) conversion, (3) unlawful seizure of property under the Fourth Amendment, (4) denial of due process under the Fourteenth Amendment, (5) unlawful taking under the Fifth Amendment, and (6) denial of the constitutional right to build a manufactured house and/or tiny house.[1] *Id.* ¶¶ 41–84.

---

[1] Plaintiff's Complaint purports to set forth eight causes of action. However, the last two—punitive damages and injunctive relief—are properly considered requests for relief rather than independent causes of action. *See Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991) (holding that a punitive damages claim is not an independent cause of action separate from balance of plaintiff's case); *Romstad v. City of Colorado Springs*, 650 F. App'x 576, 585 n.7 (10th Cir. 2016) ("An injunction is not an independent cause of action . . . .").

10.     On February 1, 2022, Richards filed his Answer to Plaintiff's Complaint. *See Answer, ECF 7*.

11.     Shortly thereafter, Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See Plaintiff's Motion for Judgment on the Pleadings, ECF 8*.

12.     On May 20, 2022, the Magistrate Judge recommended that Plaintiff's Motion be denied. *See Report & Recommendation, ECF 11, at 12*.

13.     In addition, the Magistrate Judge sua sponte recommended that that Plaintiff be ordered to amend his Complaint because it failed to set forth a prima facie case for the alleged causes of action. *Id*.

14.     On June 6, 2022, this Court entered an order adopting the Magistrate Judge's recommendation that Plaintiff's Motion for Judgment on the Pleadings be denied. *See Memorandum Decision and Order, ECF 12*.

15.     However, the Court declined to adopt the Magistrate Judge's recommendation that Plaintiff be ordered to amend his Complaint because that issue was not pending before the Court. *Id*.

16.     On August 5, 2022, Richards filed a Motion for Summary Judgment. *See Motion for Summary Judgment, ECF 16*.

17.     In sharp contrast to the earlier conclusion that Plaintiff had failed to set forth any actionable claims, the Recommendation suggested that Richards' Motion for Summary Judgment be denied in full. *See Recommendation, ECF 23*.

18.

## STANDARD OF REVIEW

### *Objections to Proposed Findings and Recommendations*

When reviewing a party's objection to a magistrate judge's proposed findings and recommendations, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). In other words, "the district court gives no deference to the magistrate judge's findings." *ClearOne Commc'ns, Inc. v. Chiang*, No. 2:07-CV-37-TC, 2010 Wl 1257750, at *2 (D. Utah Mar. 25, 2010). "In order to conduct a de novo review a court a court should make an independent determination of the issues; it is not to give any special weight to the prior determination." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (cleaned up).

### *Motions for Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). "When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (cleaned up). "To defeat summary judgment, evidence . . . must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). In addition, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rather, to defeat summary judgment, the nonmovant "must present affirmative evidence" sufficient to establish a genuine issue of material fact. *Id.* at 257. Moreover, "[a] fact is material only if it may affect the

suit's outcome," and a dispute over immaterial facts will not prevent entry of summary judgment. *Lawmaster v. Ward*, 125 F.3d 1341, 1346 (10th Cir. 1997) (cleaned up).

**ARGUMENT**

**I.   THE RECOMMENDATION DID NOT ADDRESS SEVERAL OF PLAINTIFF'S CAUSES OF ACTION.**

The Recommendation endorsed denying the Motion for Summary Judgment despite failing to address Richards' arguments for why multiple of Plaintiff's causes of action should be dismissed. Although the Recommendation briefly addresses Plaintiff's unconstitutional taking and procedural due process claims, it makes no mention of Plaintiff's claims for gross negligence, conversion, unlawful seizure of property under the Fourth Amendment, or denial of his supposed constitutional right to build a manufactured house and/or tiny house. But as demonstrated below, each of those claims fail on the merits. Therefore, the Recommendation that those claims not be dismissed is erroneous.

**A.   PLAINTIFF'S STATE-LAW CLAIMS FAIL.**

Plaintiff's claims for gross negligence and conversion are governed by state law. *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1126 (10th Cir. 2009) (analyzing gross-negligence claim under Utah law); *In re Ogden*, 314 F.3d 1190, 1200–01 (10th Cir. 2002) (analyzing conversion claim under Utah law). Although the Recommendation did not address either of the state-law claims, they fail both on the merits and because Richards is immune from liability.

**1.   Richards Is Immune from Liability for Plaintiff's State-Law Claims.**

Richards is immune from liability for Plaintiff's state-law claims by operation of the Governmental Immunity Act of Utah. In relevant part, the Act provides that government employees are not personally liable for acts taken "during the performance of the employee's

6

duties;" "within the scope of employment;" or "under color of authority." *See* Utah Code § 63G-7-202(4). Here, the undisputed facts demonstrate that Richards served the stop-work order on Plaintiff pursuant to his duties as a building inspector for Tooele County. *See* Statement of Facts ("Facts") ¶¶ 5–6. Accordingly, Richards cannot be held personally liable for Plaintiff's state-law claims.

Resisting this conclusion below, Plaintiff contended that Richards' actions fell within a narrow exception to the Immunity Act allowing for personal liability if a government "employee acted or failed to act through fraud or willful misconduct." *See* Utah Code § 63G-7-202(3)(c)(i). "Willful misconduct" is defined under the act as "the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's conduct will probably result in injury." *Id.* § 63G-7-102(11). "Thus, willfulness requires a showing (1) that the government actor intentionally performed a wrongful act (2) with an awareness that injury will likely result." *Salo v. Tyler*, 2018 UT 7, ¶ 41, 417 P.3d 581. Plaintiff has not met that burden here.

Below, Plaintiff offered only conclusory allegations that "[p]utting a "Stop Work Order" on an agriculture shed, and leaving the order on the property for two years is willful and gross misconduct." *See* Plaintiff's Opposition to Summary Judgment, ECF 17, p. 3. The only basis for Plaintiff's contention appears to be Richards' "fraudulent" representation that the structure on Plaintiff's property was subject to the International Residential Code (the "IRC") and International Building Code (the "IBC"). *See id.* But Plaintiff presented no evidence either that Richards knew he was committing a wrongful act by serving the stop-work order or that Richards knew that

Plaintiff would likely suffer injury as a result. Therefore, the "fraud or willful misconduct" exception does not apply, and Richards is immune from Plaintiff's state-law claims.

But even if that personal-liability exception did apply, Richards would *still* have immunity. The Immunity Act provides that governments and their employees "are immune from suit for any injury that results from the exercise of a governmental function," with the exception of specifically enumerated exceptions. *See* Utah Code § 63G-7-201. The Act does not waive immunity for either negligent issuance of a stop-work order or for intentional torts such as conversion. *See id.* § 63G-7-301 (listing waivers of governmental immunity). Rather, the Act explicitly retains immunity for claims arising from "issuance" of an "order." *Id.* § 63G-7-201(4)(c).

Accordingly, there is no set of facts under which Richards is personally liable for Plaintiff's state-law claims based on his service of the stop-work order, and the Recommendation that summary judgment be denied on those claims is erroneous.

### 2.  Plaintiff's Gross-Negligence Claim Fails on the Merits.

Plaintiff's claim for gross negligence is centered on allegations that Richards should have known that IRC and IBC did not govern construction of the structure on Plaintiff's property. *See Complaint, ECF 1, ¶¶ 42–47*. In Utah, "[g]ross negligence is the failure to observe even slight care; it is carelessness or recklessness to a degree that shows utter indifference to the consequences that may result." *Howe v. Momentum LLC*, 2020 UT App 5, ¶ 13, 461 P.3d 1111. However, as described in the first report and recommendation denying Plaintiff's Motion for Judgment on the Pleadings, and as reiterated in the Motion for Summary Judgment, Plaintiff miscomprehends the relevant laws that apply to his property. *See Report and Recommendation, ECF 11, p. 5–8*; *Motion for Summary Judgment ECF 16, p. 4–6*. So not only was Richards' issuance of the stop-work order

not grossly negligent, it was not negligent at all. Therefore, the Recommendation that summary judgment be denied on Plaintiff's gross-negligence claim is erroneous.

        3.   <u>Plaintiff's conversion claim fails on the merits.</u>

Nor is there any evidence of conversion. In Utah, conversion is defined as "an act of [willful] interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession." *Pinder v. Duchesne Cty. Sheriff*, 2020 UT 68, ¶ 41, 478 P.3d 610. Thus, to defeat summary judgment, Plaintiff must present evidence that Richards unlawfully interfered with Plaintiff's chattel and deprived Plaintiff of its use and possession. Plaintiff did not meet that burden.

First, Plaintiff did not establish that the structure on his property qualifies as chattel. "Chattel" is defined as "[m]ovable or transferable property; personal property; . . . a physical object capable of manual delivery and not the subject matter of real property." *See* Chattel, *Black's Law Dictionary* (11th ed. 2019). "Buildings," such as the structure Plaintiff seeks to construct, "are generally treated as fixtures and are considered a part of the realty to which they are attached." *Family Fin. Fund v. Abraham*, 657 P.2d 1319, 1323 (Utah 1982). Although "it is possible for a building to remain a chattel," that depends on the intent of the party or parties with an interest in the subject structure and/or property. *Id.* Here, Plaintiff presented no evidence that he intended to treat the structure as chattel. Rather, Plaintiff intends to use the structure as a shed. *See* Plaintiff's Opposition to Summary Judgment, ECF 17, p. 1–2. And sheds do not fall within the traditional meaning of "chattel." *See, e.g.*, *Dudzick v. Lewis*, 133 S.W.2d 496, 497–98 (Tenn. 1939) (holding that removeable cabins and shed did not qualify as chattel); *Fischbach v. Supervisor of*

Case 2:21-cv-00726-DBB-DBP   Document 25   Filed 01/12/23   PageID.337   Page 10 of 21

*Assessments of Queen Anne's Cnty.*, No. 50, 133639, at *2 (Md. Tax Ct. Oct. 16, 1989) (holding that storage shed was fixture not chattel).

Second, the stop-work order is not an *unlawful* interference with property because Plaintiff's noncompliant structure was not subject to any agricultural, tiny home, or HUD exceptions as Plaintiff claims. *See* Report and Recommendation, ECF 11, p. 5–8; Motion for Summary Judgment, ECF 16, p. 4–6. Moreover, based on the facts alleged, there is no clear showing that Plaintiff was deprived of use and possession of the structure at issue.

Therefore, the Recommendation that summary judgment be denied on Plaintiff's conversion claim is erroneous.

B. <u>PLAINTIFF'S UNLAWFUL SEIZURE CLAIM FAILS ON THE MERITS.</u>

The Recommendation also did not address Plaintiff's claim for unlawful seizure of property under the Fourth Amendment. Federal law provides that "a seizure of property occurs when there is some meaningful interference with an individual's possessory interest in that property." *Mayfield v. Bethards*, 826 F.3d 1252, 1256 (10th Cir. 2016). But limiting Plaintiff's ability to use his property for his desired purpose does not dispossess him of his right to be physically on the property. Therefore, no "seizure" of the structure or Plaintiff's property occurred. *See, e.g.*, *Brooks v. Sauceda*, 242 F.3d 387 (10th Cir. 2000) (table) (affirming dismissal of wrongful seizure claim where local government prohibited plaintiff from renting out property due to his failure to obtain required license); *Dalewood Holding LLC v. City of Baldwin Park*, 859 F. App'x 62, 64 (9th Cir. 2021) (holding plaintiff did not allege seizure under Fourth Amendment because city's threat to illegally seize real property was not meaningful interference so long as plaintiff remained "in legal and physical possession of the property"); *Nikolas v. City of Omaha*,

605 F.3d 539, 547 (8th Cir. 2010) (holding no Fourth Amendment seizure occurred when city placed placard on dilapidated building giving notice of proposed condemnation and removal of structure). Therefore, Recommendation that summary judgment be denied on Plaintiff's Fourth Amendment claim is erroneous.

C.  PLAINTIFF'S CLAIM FOR DENIAL OF HIS CONSTITUTIONAL RIGHT TO BUILD A MANUFACTURED AND/OR TINY HOUSE FAILS ON THE MERITS.

The Recommendation likewise did not address Plaintiff's claim for denial of his purported constitutional right to build a manufactured and/or tiny house. Although he refers to a "constitutional right," it appears that this claim is based not on the Constitution but on Plaintiff's belief that Richards violated 24 C.F.R. § 3282.11, which provides that federal standards for manufactured homes preempt state and local regulations. As with the other claims the Recommendation did not address, this claim fails on the merits.

First, as previously recognized, Plaintiff's structure does not meet the definition of a "manufactured home" under federal law and therefore does not fall under HUD regulations. *See Report and Recommendation, ECF 11, p. 11–12*.

Second, there is no private right of action to enforce HUD regulations. *See Anderson v. U.S. Dep't of Housing and Urban Dev.*, 701 F.2d 112, 114 (10th Cir. 1983) ("The HUD Handbook . . . establishes no private cause of action."); *Simmler v. Simmons*, No. 2:18-CV-00981-DAK-JCB, 2020 WL 5947938, at *3 (D. Utah Sept. 4, 2020) ("[T]here is no private cause of action to enforce HUD regulations."); *Valentine v. PNC Fin. Servs. Grp., Inc.*, No. 118CV01934CMASKC, 2019 WL 5790696, at *6 (D. Colo. Aug. 1, 2019) ("HUD regulations, however, do not, on their own, establish a private cause of action." (cleaned up)).

Third, it cannot be said that Richards has denied Plaintiff of a constitutional and/or statutory right to build a manufactured home because Plaintiff has affirmed that he has no present intention to use the structure as a manufactured home. Rather, Plaintiff is adamant that he intends to use the structure as a shed. *See* Plaintiff's Opposition to Summary Judgment, ECF 17, p. 1–2. Even if Plaintiff is open to the idea of using the structure as a manufactured and/or tiny home in the future, any claim based on that possibility is premature where his present intention is to use the structure as a shed.

Therefore, the Recommendation that summary judgment be denied on Plaintiff's claim for denial of his right to build a manufactured and/or tiny house is erroneous.

## II. QUALIFIED IMMUNITY BARS PLAINTIFF'S FEDERAL CLAIMS.

The Recommendation also did not address Richards' assertion of qualified immunity against Plaintiff's claims based on federal constitutional, statutory, or regulatory law. Qualified immunity protects state actors from liability unless the plaintiff can demonstrate that (1) the defendant's actions violated a constitutional right, and (2) the right was clearly established at the time of the defendant's conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). To demonstrate that a right was clearly established, the plaintiff must produce binding judicial decisions holding that the defendant's conduct was unlawful. *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). Moreover, a judicial decision is not considered to have clearly established a right unless it is factually analogous to the present case to "a high degree of specificity." *Id.* In other words, the state of the law must have been "so well defined that it is clear to a reasonable [government actor] that his conduct was unlawful in the situation he confronted." *Id.* (cleaned up). Qualified immunity

protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

As an initial matter, the Recommendation expressed hesitancy to grant Richards' Motion for Summary Judgment before discovery has taken place. But the Supreme Court has dictated that qualified immunity "should be resolved as early as possible." *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). Indeed, "qualified immunity is intended to shield a defendant not only from liability, but from the burdens of trial, including unnecessary discovery." *Avery v. Anderson*, 94 F. App'x 735, 740 (10th Cir. 2004). And although the Recommendation hinted at a possibility that Plaintiff could prove constitutional rights based on facts that, according to the Recommendation, are unknown due to the lack of discovery, it is *Plaintiff's* burden to demonstrate a violation of clearly established rights and present evidence of facts in support thereof, not the Court's. *See Stillwell v. Lawrence*, 766 F. Supp. 2d 1202, 1212 (N.D. Okla. 2011). Thus, if Plaintiff has not met that burden, the Court should not hesitate to grant summary judgment even in the absence of discovery.

In any event, neither Plaintiff nor the Recommendation identified any decisions from the Supreme Court or the Tenth Circuit holding that a local government employee violates a plaintiff's federal rights by issuing a stop-work order requiring cessation of construction on a structure for which the plaintiff had not obtained a building permit. They did not identify any cases holding that a stop-work order qualifies as a seizure under the Fourth Amendment. They did not identify any cases holding that issuance of a stop-work order constitutes a taking under the Fifth Amendment. They did not identify any cases holding that issuance of a stop-work order before holding a hearing violates due process.

In fact, the Recommendation's own analysis strongly suggests that qualified immunity should apply to all Plaintiff's federal claims, particularly his takings claim. After acknowledging that "some of Plaintiff's causes of action are suspect under relevant authority," the Recommendation went on to quote language from the Supreme Court suggesting that requiring a permit to build something on one's property does not amount to a taking. *See* Recommendation, ECF 23, p. 4. (quoting *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 127 (1985)). But then the Recommendation continued to note "the very narrow possibility of a taking 'if the ordinance does not substantially advance legitimate state interests . . . or denies an owner economically viable use of his land.'" *Id.* (quoting *Riverside*, 474 U.S. at 127)). But the fact that the Supreme Court left open the possibility that requiring a building permit might, under some limited circumstances, qualify as a taking falls far short of clearly establishing that Richards' alleged conduct violated Plaintiff's federal rights. *See al-Kidd*, 563 U.S. at 741–42 (explaining that clearly established law comes from "controlling authorities" and not "dictum"); *Morrow v. Meachum*, 917 F.3d 870, 875 ("[C]learly established law comes from holdings, not dicta."). Absent any authority on point, Richards is entitled to qualified immunity against Plaintiff's takings claim.

In sum, if Plaintiff's federal claims are "suspect under relevant authority," it follows that Richards' actions were not contrary to *clearly established* federal law. Therefore, Richards is entitled to qualified immunity, and the Recommendation's conclusion to not grant summary judgment on Plaintiff's federal claims is erroneous.

### III.  PLAINTIFF'S TAKINGS CLAIM FAILS ON THE MERITS.

Richards is also entitled to summary judgment on Plaintiff's takings claim. A taking under the Fifth Amendment typically occurs "[w]hen the government physically acquires private

property for a public use." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 1071 (2021). And a "regulatory taking occurs where government requires an owner to suffer a permanent physical invasion of her property or a regulation completely deprives an owner of all economically beneficial use of her property." *Britton v. Keller*, 851 F. App'x 821, 824 (10th Cir. 2021). Plaintiff has failed to establish that either a classic or regulatory taking occurred in the present case.

First, there are no allegations or evidence that Richards or Tooele County "physically acquired" Plaintiff's property or the structure he began to construct. Thus, no classic taking occurred. *See Cedar Point Nursery*, 141 S. Ct. at 1071.

Second, there is no evidence indicating that a regulatory occurred. Plaintiff has neither alleged nor presented evidence that Richards or Tooele County caused Plaintiff to experience a permanent physical invasion of his property. Nor is there evidence that Plaintiff's property has been deprived of all economically beneficial use. To the contrary, Plaintiff can use his construction materials to do any number of things, including constructing a shed if he goes through the proper channels and acquires the proper licensing from the County. Thus, to the extent Plaintiff's claim is for a regulatory taking, it fails as a matter of law. *See Britton*, 851 F. App'x at 824.

The Recommendation's conclusion to the contrary is based on a misapplication of *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121 (1985). In that case, the Court analyzed whether requiring a company to "obtain a permit before placing fill material on its property" amounted to a regulatory taking. *Id.* at 126. As the Court explained:

> [T]he mere assertion of regulatory jurisdiction by a governmental body does not constitute a regulatory taking. The reasons are obvious. A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself "take" the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired. Moreover, even if the permit is denied, there may be other

> viable uses available to the owner. Only when a permit is denied and the effect of the denial is to prevent economically viable use of the land in question can it be said that a taking has occurred.

*Id.* at 126–27 (cleaned up). Applying that reasoning, the Court held that no taking occurred. *Id.* at 127–29.

However, the Recommendation focused on the following language from *Riverside* that preceded the section quoted above: "[T]he application of land-use regulations to a particular piece of property is a taking only if the ordinance does not substantially advance legitimate state interests or denies an owner economically viable use of his land." *Id.* at 126 (cleaned up). Based on that language, the Recommendation endorsed denying summary judgment on Plaintiff's takings claim because "there has yet to be any discovery into [Tooele's] regulatory scheme or much in the way of any evidence offered by the parties other than general characterizations and labels." *See Recommendation, ECF 23, p. 4*.  But that is a misapplication of *Riverside* the present case.

Specifically, the Recommendation applied the broader rule surrounding regulatory takings instead of *Riverside*'s more specific rule pertaining to land-use permitting schemes. The Court was clear: when there exists a permit program, a regulatory taking occurs "*only* when a permit is denied and the effect of the denial is to prevent economically viable use of the land in question." *Riverside*, 474 U.S. at 127 (emphasis added). In the present case, there is no evidence that (1) Plaintiff applied for a building permit, (2) Tooele County (let alone Richards) denied Plaintiff a building permit, or (3) the stop-work order prevents any economically viable use of Plaintiff's property. Thus, there is no need for discovery into Tooele County's regulatory scheme.

Moreover, the Recommendation's conclusion that summary judgment be denied is based on a hypothetical possibility that evidence might come out in discovery indicating that Tooele

County's regulatory scheme does not serve legitimate governmental purposes. But that is not the summary judgment standard. Rather, to defeat summary judgment, the nonmovant "must present affirmative evidence" sufficient to establish a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). And such "evidence . . . must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). In other words, it is *Plaintiff's* burden to establish facts with evidence sufficient to defeat summary judgment. And where, as here, Plaintiff has not presented evidence that Tooele County's regulatory scheme serves no legitimate purpose, Richards is entitled to summary judgment.

But rather than require Plaintiff to carry his evidentiary burden, the Recommendation endorses denying summary judgment because Plaintiff may not have had sufficient time to discover facts necessary to defeat summary judgment. *See* Recommendation, ECF 23, p. 5. But with all due respect to the Recommendation and its sensitivity to the challenges *pro se* plaintiffs face, courts do not have discretion to deny summary judgment on that basis. If a party believes that "it cannot present facts essential to justify its opposition" to summary judgment, the onus is on that party to establish as much to the court "by affidavit or declaration." *See* Fed. R. Civ. P. 56(d). Elaborating on Rule 56(d), the Tenth Circuit has explained that it "does not operate automatically. Its protections *must be invoked* and can be applied *only if a party satisfies certain requirements*." *Price v. Western Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (emphasis added). One such "prerequisite to granting relief" under Rule 56(d) "is an affidavit furnished by the

nonmovant." *Id.* (cleaned up).[2] Plaintiff never asserted that he needed additional time for discovery into Tooele County's regulatory scheme, and he certainly did not establish as much via affidavit. Therefore, summary judgment cannot be denied on that basis. The only question is whether, on the record that is available, Plaintiff presented sufficient evidence to defeat summary judgment. As explained above, he did not.

Therefore, Plaintiff's takings claim fails on the merits, and the Recommendation that summary judgment be denied on that claim is erroneous.

## IV. PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIM FAILS ON THE MERITS.

When determining whether a plaintiff was deprived of procedural due process, the Tenth Circuit requires that courts ask two questions: "(1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?" *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 810 F.3d 1161, 1172 (10th Cir. 2016). Again, Plaintiff has not met his burden of presenting evidence that he suffered a procedural due process violation.

First, the Recommendation's own analysis requires summary dismissal of Plaintiff's procedural due process claim. According to the Recommendation, "Plaintiff has not adequately shown a protectable due process liberty interest in building an unspecified structure." *See Recommendation, ECF 23, p. 5*. That should end the inquiry. *See Martin Marietta*, 810 F.3d at 1172. Absent a showing of a protected property or liberty interest, Plaintiff cannot possibly prove a procedural due process violation. *See Castanon v. Cathey*, 976 F.3d 1136, 1142 (10th Cir. 2020)

---

[2] In *Price*, the Tenth Circuit refers to "Rule 56(f)." However, the Rules were subsequently amended such that the provision formerly reflected in Rule 56(f) is now contained in Rule 56(d).

(holding that plaintiff failed to demonstrate liberty interest when precluded from engaging in certain activity); *Gambina v. Federal Bureau of Prisons*, 529 F. App'x 900, 902 (10th Cir. 2013) (affirming summary dismissal of prisoner's procedural due process claim where "he had not come forward with sufficient evidence to establish that he was deprived a protected liberty interest").

Second, even assuming Plaintiff had demonstrated the existence of some liberty interest, there is no evidence that Plaintiff was denied an appropriate level of process. The Tooele County Code permitted Plaintiff to appeal the stop-work order "within 45 days . . . by filing a written notice of appeal with the Office of the Tooele County Commission." *See* Tooele County Code § 14-2-5. That Plaintiff never took advantage of the appeals process does not indicate that it was inadequate. *See* Facts ¶ 7. Moreover, the Tenth Circuit has recognized that post-deprivation review is sufficient due process for revocation of a building permit because "a municipality has an interest in maintaining its ability to act quickly to bring a halt to construction work that poses a threat to the public or the environment." *Rocky Mountain Rogues, Inc. v. Town of Alpine*, 375 F. App'x 887, 893 (10th Cir. 2010). If post-deprivation review is sufficient process for revocation of a building permit in which a party has an actualized interest, then it is certainly sufficient process for issuance of a stop-work order where no such permit has been acquired.

But despite "struggl[ing] to find a due process violation based on the current record," the Recommendation endorsed denying summary judgment on Plaintiff's procedural due process claim because "there may be unknown mitigating facts that prevented" Plaintiff from taking advantage of Tooele County's appeals process. *See* Recommendation, ECF 23, p. 5. "Although one need not exhaust state remedies before bring a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state

19

procedural remedies are inadequate." *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988). In other words, it is *Plaintiff's* burden to present evidence that Tooele County did not have available or otherwise denied him use of review mechanisms comporting with minimum due process requirements. Speculation that Plaintiff might have been prevented from taking advantage of the process afforded him by Tooele County's Code, despite no evidence indicating as much, is an improper basis for denial of summary judgment.[3] *See Brown v. Lowe's Home Ctrs.*, 627 F. App'x 720, 726 ("[S]peculation is not enough to prevent summary judgment.").

Accordingly, Plaintiff's procedural due process claim fails on the merits, and the Recommendation's decision to not recommend summary dismissal of that claim is erroneous.

## CONCLUSION

For the above-stated reasons, the Court should SUSTAIN this Objection, decline to adopt the Report and Recommendation, and GRANT summary judgment in favor of Richards.

DATED January 13, 2023.

MANNING CURTIS BRADSHAW
& BEDNAR PLLC

MATTHEW D. CHURCH
*Attorney for Defendant Jim Richards*

---

[3] It is also worth noting that Plaintiff affirmed that he consciously chose not to take advantage of Tooele County's appeal process as opposed to being prevented from participating in that process. *See* Plaintiff's Opposition to Summary Judgment, ECF 17, p. 12–13. Thus, the Recommendation's speculation on that point conflicts with Plaintiff's own version of events.

## CERTIFICATE OF SERVICE

I certify that on January 12, 2023, a copy of the foregoing was electronically filed with

the Clerk of the Court and served via U.S. mail, postage prepaid, to the following:

Greg Anderson
11898 Hidden Valley Drive
Sandy, Utah 84094
*Pro Se Plaintiff*

*/s/ Caroline Smith_____.*