IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREG ANDERSON,<br><br>       Plaintiff,<br>v.<br><br>JIM RICHARDS, in his individual capacity and in his official capacity and JOHN OR JANE DOE(S) 1 THROUGH 10<br><br>       Defendants. | REPORT & RECOMENDATION<br><br>Case No. 2:21-cv-00726<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

  This matter is before the court on the parties dueling motions for summary judgment.[1] (ECF No. 13, ECF No. 16.) Plaintiff moves for partial summary judgment on his Fourth and Fifth causes of action. Defendant Jim Richards moves for summary judgment on six of the eight causes of action Plaintiff brings. The other two causes of action Plaintiff brings are for punitive damages and injunctive relief. Defendant asserts because they are remedial in nature, it is improper to bring them as separate causes of action.

  Following the entry of a Report and Recommendation on the motions, the parties filed objections. (ECF No. 24, ECF No. 25.) The undersigned considers those objections in view of the current procedural posture of the case. (ECF No. 26.) As set forth herein, the undersigned recommends that Plaintiff's motion be denied, and Defendant's motion be granted.

---

[1] This matter is referred to the undersigned from Judge David Barlow pursuant to 28 U.S.C. §636(b)(1)(B). (ECF No. 5.)

**BACKGROUND**

The following facts are drawn from the record before the court. Plaintiff, Greg Anderson, who is acting pro se, and his brother own 70 acres of land located in Rush Valley, Utah. Mr. Anderson is in the process of building a structure on the property, which he claims can be used either as a tiny home, a manufactured home, or a shed. Although the structure potentially has multiple uses, Plaintiff notes that the record shows that he "is building a shed", to which, Defendant also agrees. (ECF No. 24 p. 3.) The structure is currently 16 feet wide and 52 feet long and is not "attached to the ground, but instead sits on treated lumber." Complaint ¶ 3 at p. 3. The length of the structure "will accommodate up to 30 solar panels", which Plaintiff intends to use to help power a submersible pump to obtain water. *Id.* at ¶ 7 at p. 4. The property where the structure is located falls under Tooele County zoning and has been zoned as agricultural land.

In August 2020, Defendant Jim Richards, a county building inspector, came by the property and informed Plaintiff that he was placing a stop work order on the structure. Plaintiff then received a formal stop order via mail on August 14, 2020. Mr. Anderson did not appeal the stop work order to the county commission or any other administrative body.

On February 9, 2022, Mr. Anderson filed his Complaint with the following causes of action (1) gross negligence by Mr. Richards, (2) Conversion, (3) Unlawful seizure of property under the Fourth Amendment, (4) Denial of Due Process under the Fourteenth Amendment, (5) Unlawful Taking of property under the Fifth Amendment, (6) Mr. Richards denied Plaintiff his Constitutional right to build a manufactured house or tiny house as mandated by congress, (7) punitive damages, and (8) injunctive relief. In essence, Plaintiff asserts the stop work order violated his rights and he claims the structure is personal property exempting it from Tolle County regulations. Under the International Residential Code (IRC) the structure can be made

2

into either a tiny home not prohibited by Toole County regulations, a manufactured home regulated by HUD, or an agricultural shed exempt under the Utah Building Code. Plaintiff seeks monetary relief for each month he cannot use his structure, expectation damages for lost time that he is not able to work on the structure, compensatory damages, emotional distress damages, punitive damages, interest, court costs, attorney fees, any other fees the court feels just, and injunctive relief to remove the stop work order. Plaintiff seeks partial summary judgment and Defendant moves for summary judgment on the first six causes of action. The court turns to these motions.

## **LEGAL STANDARDS**

Summary judgment is proper when "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, as a starting point, a court considers whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, (1986). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Id.* at 256. In resolving a motion for summary judgment, the court views "the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Rice v. United States*, 166 F.3d 1088, 1092 (10th

Cir.1999)). A nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257.

## ANALYSIS

At the outset, the court notes that both parties seek summary judgment prior to discovery. As noted by Defendant, the parties have not exchanged initial disclosures or conducted any discovery. (ECF No. 15 p. 1.) Yet, Plaintiff strongly asserts discovery is unnecessary because "the issues are a matter of law, therefore [Plaintiff] needs law, not facts to prevail." (ECF No. 24 p. 1.) Under the Federal Rules, a "party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56. Thus, the motions are timely. Neither party moves for postponement of considering the motions or additional discovery under Rule 56(d). *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."); *see also Ctr. Cap. Corp. v. Businessjet Leasing, Inc.*, No. 2:09-CV-406 TS, 2009 WL 3259507, at *1 (D. Utah Oct. 9, 2009) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Therefore, the court need not defer considering the parties' respective motions.

I. **Defendant's Motion for Summary Judgment Should be Granted**

A. **The Governmental Immunity Act applies**

Plaintiff's first two claims, gross negligence and conversion are state-law claims. *See In re Ogden*, 314 F.3d 1190, 1200 (10th Cir. 2002) (looking to Utah law for a claim of conversion); *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1126-27 (10th Cir. 2009) (applying Utah law to gross

4

negligence claim); *see also Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, ¶ 3, 423 P.3d 1150, 1153 (holding summary judgment may be appropriate whether or not the standard of care is fixed by law). Defendant argues he is immune from liability for both claims under Utah's Governmental Immunity Act. The Utah Governmental Immunity Act provides

> no employee may be joined or held personally liable for acts or omissions occurring:
> (a) during the performance of the employee's duties;
> (b) within the scope of employment; or
> (c) under color of authority.

Utah Code Ann. § 63G-7-202(4). There are exceptions to immunity, such as when an employee "acted or failed to act through fraud or willful misconduct", or intentionally or knowingly "fabricated evidence; or … failed to disclose evidence that … was known to the employee." *Id.* at (3)(c).

Defendant asserts the undisputed facts show that he served the stop-work order on Plaintiff pursuant to his duties as a building inspector for Tooele County. Plaintiff seeks to avoid the applicability of the Governmental Immunity Act arguing Mr. Richards' conduct falls within an exception because he acted or failed to act through fraud or willful misconduct. The record does not support Plaintiff's argument. The Utah Supreme Court has stated that by statute

> "willful misconduct" is "the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's conduct will probably result in injury." Thus, willfulness requires a showing (1) that the government actor intentionally performed a wrongful act (2) with an awareness that injury will likely result.

*Salo v. Tyler*, 2018 UT 7, ¶ 41, 417 P.3d 581, 590 (internal citations omitted).

Here, Plaintiff offers conclusory allegations that putting a stop-work order on an agricultural shed and leaving that order is willful and gross misconduct. There is no showing that Mr. Richard's actions were intentionally wrong or that he was aware that an injury would result

from his actions. Moreover, Plaintiff's claims of fraud based on Mr. Richard's lack of knowledge regarding the International Residential Code or the International Building Code are also not supported in the record. In essence, Plaintiff seeks to rely on various codes in hopes of circumventing a common requirement that a person must obtain a permit before engaging in certain uses of their property. *See e.g., United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 127, 106 S. Ct. 455, 459 (1985) (the "mere assertion of regulatory jurisdiction by a governmental body does not constitute a regulatory taking."). Plaintiff also seeks to overcome the regulations by asserting his structure can be a tiny home, a manufactured home, or a shed. These chameleon efforts also fail. In short, government immunity applies to Mr. Richard's actions here. There is no exception to immunity based on the undisputed facts. Defendant placed the stop-work order during the performance of his duties and doing so was within the scope of his employment. Thus, summary judgment is proper as to Plaintiff's state law claims based on governmental immunity.

  **(i)**   **The individual claims also fail**

A careful consideration of these individual claims also leads to the same conclusion. "Gross negligence is the failure to observe even slight care; it is carelessness or recklessness to a degree that shows utter indifference to the consequences that may result. Summary judgment is proper where reasonable minds could reach only one conclusion based on the applicable material facts." *Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, ¶ 35, 423 P.3d 1150 (quotation simplified). Plaintiff argues that Defendant was grossly negligent because in his professional capacity Defendant should have known the applicable building codes but failed to take reasonable care in applying the correct codes. According to Plaintiff, *res ipsa loquitur* "(the facts speak for themselves) applies, showing Richards has over stepped his bounds as a mater of law,"

as Defendant had no right to put the stop-work order on personal property or manufactured housing governed by Housing and Urban Development. Complaint ¶ 47. Plaintiff's reliance on Utah Code Ann. § 15A-2-104(1)(d), in support of this argument is misplaced. Utah Code Ann. § 15A-2-104(1)(d) addresses "installation and safety requirements" for a mobile home built before June 15, 1976. Plaintiff's structure was built after this date and this section does not prevent Utah from exercising jurisdiction for manufactured housing after 1977 as Plaintiff claims. The HUD regulations do not apply.

Moreover as noted previously, Plaintiff cannot simply change the nature of his structure to avoid regulations. Thus, Plaintiff's claims that he has an agricultural exemption is also flawed. *See* Utah Code Ann. § 15A-1-204 (noting the requirements for an agricultural exemption). Plaintiff adamantly claims his structure is a shed not something that would fit within this exemption. Accordingly, Plaintiff's claim for gross negligence fails independently of governmental immunity.

"A conversion is an act of [willful] interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession." *Pinder v. Duchesne Cnty. Sheriff*, 2020 UT 68, ¶ 41, 478 P.3d 610, 620 (quoting *Allred v. Hinkley*, 8 Utah 2d 73, 328 P.2d 726, 728 (1958)). Here, Plaintiff argues the stop-work order interferes with his property, but Plaintiff fails to show that that the stop-work order was unlawful. Moreover, based on the undisputed facts, Plaintiff was not deprived of the use and possession of the structure. The Supreme Court explained that "even if [a] permit is denied, there may be other viable uses to the owner." *Riverside*, 475 U.S. 121, 127. The "newer" Supreme Court cases relied on by Plaintiff are not applicable here because this case does not involve the conditional approval of a "land-use permit [based] on the owner's relinquishment of a portion of his property". *Koontz v. St. Johns*

7

*River Water Mgmt. Dist.*, 570 U.S. 595, 595, 133 S. Ct. 2586, 2589 (2013). [2] Plaintiff's claim for conversion fail.

### B. The facts do not demonstrate an unlawful seizure

Plaintiff argues Defendant's actions constitute an unlawful seizure under the Fourth Amendment. Plaintiff avers that mobile or manufactured homes are temporary and do not fall with the parameters of the Tooele County building code. *See* Complaint ¶¶ 55-56. Thus, Defendant overstep his bounds and violated federal law that mandates Plaintiff can build his own manufactured home without interference from a local authority.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "'A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property.'" *Mayfield v. Bethards*, 826 F.3d 1252, 1256 (10th Cir. 2016) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)).

Here, Plaintiff once again seeks to shift the nature of his structure to fall within some other statutory system claiming the structure is a mobile or manufactured home outside Tooele's building code. This effort fails. The undisputed facts show that there was no permanent, or meaningful, interference with Plaintiff's possessory interest in the structure because the order was temporary, and Plaintiff still had viable options to build a compliant structure on the property. Plaintiff retained the property even if it could not be used how he wanted until he complied with regulations. There is nothing in the facts indicating Plaintiff's property was

---

[2] *See Koontz.*, 570 U.S. at 595 (holding a government's demand for property must satisfy the *Nollan/Dolan* requirements); *Dolan v. City of Tigard*, 512 U.S. 374 (1994) (holding the city's dedication requirements constituted a taking of property); *Nollan v. California Coastal Com'n*, 483 U.S. 825 (1987) (holding the imposition of an "access-easement condition" cannot be treated as an exercise of a land-use regulation power).

"sized" within the meaning of the Fourth Amendment. *See e.g., United States v. Jones*, 701 F.3d 1300, 1313 (10th Cir. 2012) (noting meaning of a seizure within the meaning of the Fourth Amendment); *United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir.1994) (stating that a defendant has the "burden of proving whether and when the Fourth Amendment was implicated"). Summary judgment is appropriate as to this claim.

### C. There was no denial of due process

Plaintiff claims he was denied due process under the Fourteenth Amendment when his property was seized. Complaint ¶¶ 61-63. In support, Plaintiff alleges his property is exempt because it is zoned agricultural and because Defendant did not get a court order and has "no statute or ordinance to rely upon for his actions," Defendant is personally liable for his actions. *Id.* at ¶ 65.

The Fourteenth Amendment prohibits any state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To be entitled to procedural due process, Plaintiff must show he has either a protected property or liberty interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). Procedural due process requires the government to follow proper procedures when it deprives a person of their life, liberty, or property. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) (citation omitted). Substantive due process ensures that the government will not arbitrarily deprive a person of life, liberty, or property. *Id*. The Tenth Circuit has established that "to prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest." *Id.*

"To determine whether a plaintiff has been deprived of procedural due process, courts ask two questions: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?" *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 810 F.3d 1161, 1172, 2016 WL 146560 (10th Cir. 2016) (citing *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994)).

The facts here fail to demonstrate Plaintiff has a protectable due process liberty interest in building his structure. His reliance on agricultural zoning is unpersuasive. Absent such a showing, Plaintiff cannot prove a procedural due process violation. *See id.* Thus, Plaintiff fails to meet the first prong of the analysis. If the court were to move on to the second prong, however, Plaintiff's claim also fails. The Tooele County Code permitted Plaintiff to appeal the stop-work order by filing written notice of an appeal with the Office of the Tooele County Commission. *See* Tooele County Code § 14-2-5. Plaintiff did not engage in this process and unsubstantiated allegations by Plaintiff that the process would have been fruitless, do not meet the requisite standard to survive summary judgment.

In addition, there is no violation of substantive due process for the same reasoning. The facts do not demonstrate that Defendant's actions deprived Plaintiff of a protectable property interest. Thus, Defendant is entitled to summary judgment under either procedural or substantive due process.

D. **Unlawful taking under the Fifth Amendment**

Plaintiff brings a claim for unlawful taking of property under the Fifth Amendment. The Fifth Amendment states that no person shall be "deprived of life, liberty, or property, without

due process of law; nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V. When the government acquires private property for a public use, the Takings Clause imposes a clear and categorical obligation to provide the owner with just compensation. *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 321, 122 S.Ct. 1465 (2002). Generally, the government "commits a physical taking when it uses its power of eminent domain to formally condemn property." *Cedar Point Nursery v. Hassid*, 210 L. Ed. 2d 369, 141 S. Ct. 2063, 2071, 210 L.Ed.2d 369 (2021). The same can be said when the government takes possession of property without acquiring a title to it, or when the government occupies property, for example, by flooding property when building a dam. *See id.*

A government taking may also occur in ways other than a physical taking. For example, if a regulation goes too far it will be recognized as a taking. *See Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415, 43 S. Ct. 158, 160, 67 L.Ed. 322 (1922) ("The general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking.") This framework may apply to use restrictions such as zoning restrictions. *See Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 387–388, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

As noted by the Supreme Court, the essential question when determining whether a taking occurred "is whether the government has physically taken property for itself or someone else—by whatever means—or has instead restricted a property owner's ability to use his own property" *Cedar Point Nursery*, 141 S. Ct. 2063, 2072.

Here, there is no evidence that Defendant or Tooele County physically acquired Plaintiff's property. Thus, a classic physical taking did not take place. There is also a lack of

evidence that a regulatory taking occurred. "A per se regulatory taking occurs where 'government requires an owner to suffer a permanent physical invasion of her property' or a regulation 'completely deprive[s] an owner of 'all economically beneficial us[e]' of her property.'" *Britton v. Keller*, 851 F. App'x 821, 824 (10th Cir. 2021) (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005)). Plaintiff has not been completely deprived of all economic benefit of his property and there is no permanent physical invasion of the property. Rather, other uses are available to Plaintiff, and even the uses Plaintiff now intends are not foreclosed if he complies with regulations. *See United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 127, 106 S. Ct. 455, 459, 88 L. Ed. 2d 419 (1985) ("A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself "take" the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired.").

Accordingly, based on the evidence before the court, and relevant case law, Defendant is entitled to summary judgment on Plaintiff's Fifth Amendment taking claim.

E. **Constitutional rights to build a manufactured house or tiny house**

Plaintiff's sixth cause of action is based on his "right to build his own manufactured house and/or tiny house as mandated by congress." Complaint p. 16. Plaintiff relies on Title 24 CFR § 3282.11, the Preemption and Reciprocity section of the Regulations Relating to Housing and Urban Development in the Federal Code of Regulations. Plaintiff claims Defendant violated this law. Title 24 CFR § 3281.11 provides that

> These regulations establish the exclusive system for enforcement of the Federal standards. No State may establish or keep in effect through a building code enforcement system or otherwise, procedures or requirements which constitute systems for enforcement of the Federal standards or of identical State standards

12

> which are outside the system established in these regulations or which go beyond this system to require remedial actions which are not required by the Act and these regulations.

24 C.F.R. § 3282.11.

Plaintiff argues that the two warnings by Defendant, together with takings and Fourteenth Amendment Violations, and the Tooele ordinances, violate this law and his rights to build his own tiny house. Plaintiff's reasoning is flawed based on the record, and as argued by Defendant, because there is nothing in this law establishing a private right of action. Even if "a federal statute has been violated and some person [is] harmed [it] does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S. Ct. 2479, 2485, 61 L. Ed. 2d 82 (1979) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979)). A private right of action to enforce a federal law must be created by Congress. *See Alexander v. Sandoval*, 532 U.S. 275, 288-89, 121 S. Ct. 1511, 1520-21, 149 L. Ed. 2d 517 (2001) ("We therefore begin (and find that we can end) our search for Congress's intent with the text and structure" to determine whether congressional intent sought to create a private right of action). The Tenth Circuit has followed this principle. *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 902 (10th Cir. 2017) ("Therefore, unless a private plaintiff has been given a federal right of her or his own to vindicate in the [federal law], the plaintiff cannot maintain a cause of action—in law or in equity—against any defendant for violating the [federal law].").

The court finds no reason to depart from this tenet here. Accordingly, summary judgment for Defendant is appropriate.

F. **Punitive damages and injunctive relief**

Plaintiff's remaining causes of action are for punitive damages, Complaint p. 18, and for injunctive relief. Complaint p. 19. Defendant accurately points out that neither punitive damages nor injunctive relief constitute a "claim." They are both forms of relief, rather than causes of action. The assertion of these forms of relief does not preclude summary judgment for Defendant.

II. **Plaintiff's Motion for Partial Summary Judgment Should be Denied**

In his Motion for Partial Summary Judgment, Plaintiff argues the "wrongfully issued" stop work order constitutes an unlawful taking of property under the Fifth Amendment and that he was denied due process as required by the Fourteenth Amendment. In support Plaintiff attaches correspondence to the United States Department of Agriculture, a "bid for a biomass plant from China company", a document concerning water practices, pictures of the property and shed, a copy of the stop work order, an article about the differences between real and personal property, correspondence with Tooele County, and a copy of his Complaint.

As noted previously Plaintiff's causes of action are unsupported by binding authority. In *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 127, 106 S. Ct. 455, 459 (1985) the Supreme Court described an analogous situation to the instant case. The court stated:

> A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself "take" the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired. Moreover, even if the permit is denied, there may be other viable uses available to the owner. Only when a permit is denied and the effect of the denial is to prevent "economically viable" use of the land in question can it be said that a taking has occurred.

*Id.* The "mere assertion of regulatory jurisdiction by a governmental body does not constitute a regulatory taking." *Id.* Thus, Plaintiff's claims that the stop work order constitutes a taking fail.

In similar fashion, there is no due process violation based on the current record. Plaintiff has not adequately shown a protectable due process liberty interest in the structure and being stopped from continuing to build it. *See, e.g., Castanon v. Cathey*, 976 F.3d 1136, 1142 (10th Cir. 2020) (holding the plaintiff failed to demonstrate a liberty interest when precluded from engaging in a certain activity); *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 810 F.3d 1161, 1185–86 (10th Cir. 2016) (holding that governmental action barring the plaintiff's business from supplying certain products for state highway projects did not cause "the requisite harm to [the plaintiff] business as needed to find a violation of its liberty interest" because the plaintiff could still pursue other opportunities); *see also Conn v. Gabbert*, 526 U.S. 286, 292, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999) (contrasting government actions causing "a brief interruption" of a person's occupation, which do not implicate a liberty interest, with "a complete prohibition of the right to engage in a calling").

## REPORT AND RECOMMENDATION

Based upon the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Partial Summary Judgment be DENIED and that Defendant's Motion for Summary Judgment be GRANTED.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 26 April 2023.

_____
Dustin B. Pead
United States Magistrate Judge