THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GREG ANDERSON,<br><br>    Plaintiff,<br>v.<br><br>JIM RICHARDS, in his individual capacity and in his official capacity and JOHN OR JANE DOE(S) 1 THROUGH 10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [31] MOTION FOR A NEW TRIAL PURSUANT TO RULE 59**<br><br>Case No. 2:21-cv-00726-DBB-DBP<br><br>District Judge David Barlow<br>Chief Magistrate Judge Dustin Pead |

Before the court is Plaintiff Greg Anderson's Motion for a New Trial Pursuant to Rule 59, New Trials.[1] For the reasons below, the court DENIES Mr. Anderson's motion.

On December 13, 2022, Mr. Anderson filed suit in this court, alleging eight causes of action against Jim Richards personally and in his official capacity: (1) gross negligence, (2) conversion, (3) unlawful seizure of property under the Fourth Amendment, (4) denial of due process as required by the Fourteenth Amendment, (5) unlawful taking of property under the Fifth Amendment, (6) denial of constitutional right to build manufactured house and/or tiny house as mandated by Congress, (7) punitive damages, and (8) injunctive relief.[2] Mr. Richards answered the complaint,[3] after which Mr. Anderson moved for judgment on the pleadings.[4] The magistrate judge recommended that Mr. Anderson's motion be denied.[5] On June 6, 2022, this court entered an order adopting the magistrate judge's recommendation.[6]

---

[1] ECF No. 31, July 26, 2023.
[2] *See* Compl., Dec. 13, 2021, ECF No. 1.
[3] Answer, Feb. 1, 2022, ECF No. 7.
[4] Mot. for J. on the Pleadings, Feb. 9, 2022, ECF No. 8.
[5] R. & R., entered May 20, 2022, ECF No. 11 at 12.
[6] Mem. Dec. & Order, entered June 6, 2022, ECF No. 12.

On July 5, 2022, Mr. Anderson filed a Motion for Partial Summary Judgment,[7] and on August 5, 2022, Mr. Richards filed a Motion for Summary Judgment on all claims.[8] The magistrate judge recommended that the cross-motions for summary judgment be denied so that the parties could conduct discovery.[9] Both parties objected within the statutory time limit, each arguing that discovery was neither needed nor desired and that the claims could be resolved as a matter of law.[10] Given the history of the case and the unique procedural posture, the court requested that the magistrate judge reconsider the recommendation.[11] The magistrate judge subsequently recommended that Mr. Anderson's Motion for Partial Summary Judgment be denied and that Mr. Richards' Motion for Summary Judgment be granted.[12] Mr. Anderson objected to the recommendation.[13]

This court resolved Mr. Anderson's objection to the recommendation, finding that Mr. Anderson had failed to meet his evidentiary and legal burden to establish a wrongful, intentional act that met the "willful misconduct" exception to the Utah Governmental Immunity Act as required for his conversion claim;[14] that Mr. Anderson's objection was insufficient on his Fourth Amendment claim;[15] that Mr. Anderson did not have a protectible property interest and that he was afforded sufficient due process on his Fourteenth Amendment claim;[16] and that he failed to assert facts or law that precluded summary judgment on his Fifth Amendment Takings claim.[17]

---

[7] Mot. Partial Summ. J., filed July 5, 2022, ECF No. 13.  The motion was fully briefed as of August 17, 2022.
[8] Mot. Summ. J., ECF No. 16. The motion was fully briefed as of September 2, 2022.
[9] R. & R. entered December 30, 2022, ECF No. 23.
[10] Pl.'s Verified Obj. to [23] Magistrate Judge Pead's R. & R., ECF No. 24; Def.'s Obj. to [23] R. & R., filed January 12, 2023, ECF No. 25.
[11] Docket Text Order, entered March 21, 2023, ECF No. 26.
[12] R. & R. on Summ. J. Mots., ECF No. 27.
[13] Verified Obj. to Magistrate Judge [27] R. & R., filed May 2, 2023, ECF No. 28.
[14] Mem. Dec. & Order Adopting R. & R. 6, ECF No. 29, entered July 18, 2023.
[15] *Id.* at 8–9.
[16] *Id.* at 9–12.
[17] *Id.* at 13–16.

Mr. Anderson did not object to the magistrate judge's recommendation on the other causes of action, and this court found no clear error.[18] This court entered an order adopting the magistrate judge's recommendation,[19] entered judgment, and closed the case.[20]

Eight days later, Mr. Anderson filed the instant motion, requesting a new trial.[21] He argues that the issue of whether he was building a shed "is obviously in dispute" and that he is entitled to a jury trial.[22] He also argues that his right to build that shed "is a constitutional right and a vested right under Utah law," and reiterates that Mr. Richards interfered with that right, purportedly a taking.[23] He asserts that in a jury trial he would be able to ask Mr. Richards "if he would follow the 36 exceptions" to the International Residential Code ("IRC") and "if so why he treated [Mr.] Anderson different."[24] He further argues that, under his Due Process claim, "[Mr.] Richards has shown no circumstances . . . that would allow him to put a 'Stop Work Order' on [Mr.] Anderson's property."[25] Mr. Anderson also argues that Tooele County's "scheme is not real due process" because it "simply appoints its own people to hear the case."[26] He contends that "there is no reason to allow uneducated people as to federal takings law to decide the issues [sic]."[27] Finally, he asserts that "the demand for a building permit . . . constitutes an out-and-out plan of extortion."[28]

---

[18] *Id.* at 4–5, 16.
[19] *Id.* at 17.
[20] Judgment, ECF No. 30, entered July 18, 2023.
[21] Mot. for New Trial, ECF No. 31.
[22] *Id.* at 2.
[23] *Id.* at 2–4.
[24] *Id.* at 5.
[25] *Id.* at 7.
[26] *Id.* at 9.
[27] *Id.* at 9.
[28] *Id.* at 10.

**STANDARD**

While Mr. Anderson styles his motion as a request for a new trial, there was no trial in this case because summary judgment was granted.[29] Therefore, the court construes his request as one for a motion to alter or amend a judgment.

Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[30] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[31] Thus, "Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'"[32] But "Rule 59(e) motions are 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'"[33]

Considering the first ground, Mr. Anderson does not identify any intervening change in the law. Turning to the second ground, he does not identify any new evidence. Instead, his argument appears to fit into the third category: a purported need to correct clear error in the court's decision that the fact of whether Mr. Anderson was building shed does not preclude summary judgment. But, as the court observed in its decision, "Mr. Anderson has not met his factual burden to allege, let alone demonstrate an undisputed material fact at the summary judgment stage, a *conforming agricultural use* for the shed."[34] Without any evidence that Mr. Anderson's structure had a conforming agricultural use, Mr. Anderson failed to produce

---

[29] Mem. Dec. & Order Adopting R. & R.
[30] Fed. R. Civ. P. 59(e).
[31] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).
[32] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants*, 204 F.3d at 1012).
[33] *Id.*
[34] Mem. Dec. & Order Adopting R. & R. 7 (emphasis added).

evidence from which a jury could find a fact necessary for his claims to succeed.[35] Accordingly, none of the three grounds for reconsideration under Rule 59(e) are present.

Addressing Mr. Anderson's contention that at trial he would be able to ask Mr. Richards whether any exceptions to the IRC applied to his structure, it has been Mr. Anderson's averment to this court that he did not desire any discovery.[36] And even if Mr. Anderson had asked Mr. Richards these questions, Mr. Richards' answers could not establish a fact capable of curing the defect in Mr. Anderson's claims: that Mr. Anderson did not demonstrate any evidence of a conforming agricultural use for the structure, which is required under Utah law.

The remainder of his arguments attempt to "relitigate old matters, or to raise arguments or present evidence that could have been raised [and, in this case, were] prior to the entry of judgment."[37] Mr. Anderson raised his Takings and Due Process arguments as to *Dolan v. City of Tigard* and *Nollan v. California Coastal Commission*,[38] *Knick v. Township of Scott, Pennsylvania*,[39] and *Connecticut v. Doehr*[40] in his earlier objection to the Report and Recommendation on the Motions for Summary Judgment,[41] and as to *Pennsylvania Coal Co. v. Mahon* in his prior Motion for Partial Summary Judgment and his Reply.[42] Both the Report and Recommendation and this court's Memorandum Decision and Order Adopting the Report and Recommendation expressly addressed his Takings and Due Process arguments.[43] His positions

---

[35] See U.C.A. § 15A-1-202 (requiring a use "that relates to the tilling of soil and raising of crops, or keeping or raising domestic animals.").
[36] Def.'s Obj. to R. & R. 14 ("Judge Pead must believe there is additional information to be discovered, but there is not..").
[37] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–128 (2d ed. 1995)).
[38] Def.'s Obj. to R. & R. 5–8.
[39] *Id.* at 11.
[40] *Id.*
[41] *See generally id.*
[42] Def.'s Mot. Partial Summ. J. 13, Def.'s Reply 4, ECF No. 18.
[43] *See* R. & R. on Summ. J. Mots. 12–13; Mem. Dec. & Order Adopting R. & R. 13–16.

on these issues in his Motion for a New Trial fail to address the inadequacies the court identified in those decisions.[44]

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for a New Trial Pursuant to Rule 59, New Trials,[45] is DENIED.

Signed September 18, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[44] *Compare* Mot. New Trial 7 (arguing that the Stop Work Order being given "without prior notice or hearing and without extraordinary circumstances" was a violation of due process) *with* Mem. Dec. & Order Adopting R. & R. 10–12 (finding Mr. Anderson did not have the requisite property interest to assert a violation of due process claim); *compare* Mot. New Trial 2 (Anderson's right to build a shed is a constitutional right) *with* R. & R. on Summ. J. Mots. 12–13 (finding no private right of action to enforce his purported constitutional right).
[45] ECF No. 31, July 26, 2023.