THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GREG ANDERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>JIM RICHARDS, in his individual capacity and in his official capacity; and JOHN OR JANE DOE(S) 1–10,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [33] MOTION FOR A NEW TRIAL PURSUANT TO RULE 60**<br><br>Case No. 2:21-cv-00726-DBB<br><br>District Judge David Barlow |

Before the court is pro se Plaintiff Greg Anderson's ("Mr. Anderson") Motion for a New Trial Pursuant to Rule 60.[1] Mr. Anderson seeks a new trial on his claims against Defendant Jim Richards ("Mr. Richards"). For the following reasons, the court denies Mr. Anderson's motion.

## BACKGROUND

On December 13, 2021, Mr. Anderson filed his Complaint, asserting eight causes of action against Mr. Richards personally and in his official capacity.[2] Mr. Anderson moved for judgment on the pleadings two months later.[3] The magistrate judge recommended that the court deny the motion.[4] The court did so in June 2022.[5] The parties then moved for summary judgment. Mr. Anderson moved for partial summary judgment[6] and Mr. Richards moved for

---

[1] Mot. for New Trial Pursuant to R. 60, ECF No. 33, filed Oct. 11, 2023.
[2] *See* Compl., ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 11.
[5] ECF No. 12.
[6] ECF No. 13.

summary judgment on all claims.[7] On April 27, 2023, the magistrate judge recommended that

the court deny Mr. Anderson's motion and grant Mr. Richard's motion.[8] Mr. Anderson objected.[9]

On July 28, the court adopted the report and recommendation.[10] The court reasoned that Mr.

Anderson did not have a protectable property interest, that he was given sufficient due process on

his Fourteenth Amendment claim,[11] and that he failed to assert facts or law precluding summary

judgment on his Fifth Amendment Takings claim.[12] As such, judgment was entered for Mr.

Richards.[13]

Mr. Anderson moved for a new trial pursuant to Federal Rule of Civil Procedure 59 on

July 26, 2023.[14] Because the action did not involve a trial, the court construed his request as one

for a motion to alter or amend a judgment.[15] The court analyzed the motion with the well-known

Rule 59(e) standard: "Grounds warranting a motion to reconsider include (1) an intervening

change in the controlling law, (2) new evidence previously unavailable, and (3) the need to

correct clear error or prevent manifest injustice."[16] Applying this standard, the court found that

"none of the three grounds for reconsideration under Rule 59(e) [we]re present."[17] The court

reasoned that Mr. Anderson merely "attempt[ed] to 'relitigate old matters, or to raise arguments

or present evidence that could have been raised [and, in this case, were] prior to the entry of

---

[7] ECF No. 16.
[8] R. & R. on Summ. J. Mots., ECF No. 27.
[9] Obj. to R. & R., ECF No. 28.
[10] Mem. Decision & Order Adopting R. & R., ECF No. 29.
[11] *Id.* at 9–12.
[12] *Id.* at 13–16.
[13] ECF No. 30.
[14] Mot. for New Trial Pursuant to R. 59, ECF No. 31.
[15] Mem. Decision & Order Denying Mot. for a New Trial Pursuant to Rule 59 ("Order Denying Mot. for New Trial") 4, ECF No. 32, filed Sept. 18, 2023; *see* Fed. R. Civ. P. 59(e).
[16] *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).
[17] *Id.* at 5.

judgment.'"[18] The court further noted that Mr. Anderson raised his Takings and Due Process arguments in his earlier filings and that the prior report and recommendation and memorandum decision and order "expressly addressed" these arguments.[19] At bottom, the court found Mr. Anderson's motion "fail[ed] to address the inadequacies the court identified in those decisions."[20] The court thus denied the motion on September 18, 2023.[21]

About three weeks later, Mr. Anderson filed his Motion for a New Trial Pursuant to Rule 60.[22] He again asks for a new trial. The court construes the request as a motion seeking relief from the court's prior decision.[23]

## DISCUSSION

Mr. Anderson moves for relief under Rule 60(b)(1).[24] Generally, "[r]elief under Rule 60(b) . . . is 'extraordinary and may only be granted in exceptional circumstances.'"[25] The Rule provides six avenues for relief. Under Rule 60(b)(1), the court may, "[o]n motion and just terms," "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]"[26] Relief may be warranted "where the judge has made a *substantive mistake of law or fact* in the final judgment or order."[27]

---

[18] *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)) (alteration in original).

[19] *Id.* (citing R. & R. on Summ. J. Mots.; Mem. Decision & Order Adopting R. & R.).

[20] Order Denying Mot. for New Trial 6.

[21] *Id.*

[22] *See* Mot. for New Trial Pursuant to R. 60.

[23] "Because [Mr. Anderson] is pro se, [the court] liberally construe[s] his filings, but [it] will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (citation omitted).

[24] Mot. for New Trial Pursuant to R. 60, at 1–2.

[25] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).

[26] Fed. R. Civ. P. 60(b)(1).

[27] *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008) (quoting *Cashner*, 98 F.3d at 576) (emphasis added); *see Kemp v. United States*, 596 U.S. ____, 142 S. Ct. 1856, 1862 (2022) ("[A]s currently written, 'mistake' in Rule 60(b)(1) includes legal errors made by judges."); *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) ("[R]elief is available only for obvious errors of law, apparent on the record.").

But such relief "is rare; [Rule 60(b)(1)] motions allow district courts to correct only limited types of substantive errors."[28]

Here, Mr. Anderson claims the court erred in two ways. First, he contends the court improperly "relied on a single [T]aking[s Clause] category, thereby pigeonholing [his] case as a categorial taking under *Lucas*."[29] He alleges the court did not consider "other categories of Fifth Amendment takings that [Mr.] Anderson's documents show."[30] In particular, he discusses per se physical taking theories such as "reverse flooding,"[31] exaction by "[m]andating an easement[,]"[32] and "demanding a permit when no permit was needed[.]"[33] Second, Mr. Anderson contends the court erred by not granting his due process claim. He argues that because Utah was not confronted with "an emergency situation[,]" the state denied him procedural due process.[34]

The court finds that Mr. Anderson simply rehashes his earlier Takings and Due Process arguments. He raises the same themes and relies on many of the same cases.[35] This is not enough to show the court committed a "substantive mistake of law or fact" under Rule 60(b).[36] After all, the court denied Mr. Anderson's Rule 59(e) motion because he did not show the court had "misapprehended the facts, a party's position, or the controlling law."[37] And "[t]he standard for

---

[28] *Hall v. C.I.A.*, 437 F.3d 94, 99 (D.C. Cir. 2006).
[29] Mot. for New Trial Pursuant to R. 60, at 2 (emphasis added).
[30] *Id.* at 3.
[31] *Id.*
[32] *Id.* at 4–7.
[33] *Id.* at 8–10.
[34] Mot. for New Trial Pursuant to R. 60, at 10–11 (citing *Miller v. Campbell County*, 945 F.2d 348, 353 (10th Cir. 1991)).
[35] *See, e.g.*, *id.* at 3, 5–10 (citing *Cedar Point Nursery v. Hassid*, 594 U.S. ___, 141 S. Ct. 2063 (2021); *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013)); *id.* at 4 (citing *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825 (1987)). Of course, cites to previously unreferenced authority also do not meet the standard either unless they show a substantive mistake has been made.
[36] *Div. of Forestry*, 528 F.3d at 723.
[37] Order Denying Mot. for New Trial 4 (quoting *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019)).

granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion."[38] "Because [Mr. Anderson's] [Rule 60(b)] motion is largely identical to his initial motion for reconsideration, and because his initial motion d[id] not satisfy the Rule 59(e) standard, his [Rule 60(b)] motion . . . cannot satisfy the more stringent" standard.[39]

## ORDER

Accordingly, the court DENIES Plaintiff's Motion for a New Trial Pursuant to Rule 60.[40]

Signed October 17, 2023.

BY THE COURT

_____

David Barlow
United States District Judge

---

[38] *Moore v. Hayes*, 156 F.3d 1231 (6th Cir. 1998); *see Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) ("A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." (citation omitted)); *In re Application for an Ord. Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 286 F. Supp. 3d 1, 5 (D.D.C. 2017) ("In any event, '[t]he standards that govern Rule 60(b) are even more restrictive' and '"in most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment" than on a Rule 59(e) motion.'" (quoting *Taitz v. Obama*, 754 F. Supp. 2d 57, 58 (D.D.C. 2010))).
[39] *Savage v. Delphi Corp.*, No. 03-2609, 2005 WL 1806428, at *3 (D. Kan. Aug. 1, 2005) (citing *Vanderberg*, 259 F.3d at 1326).
[40] ECF No. 33.